# Court of General Sessions of the Peace and Jail Delivery.

————•————

THE STATE *v.* TAYLOR E. GOODLEY.

*Manslaughter—Pointing of Pistol—Construction of Statute—Proof.*

Upon an indictment for manslaughter, based upon the statute relative to the pointing of fire arms, for homicide resulting from the discharge of a pistol in the hands of the prisoner, the State must show affirmatively that the pointing of the pistol was intentional.

(*New Castle, February 19, 1889.*)

INDICTMENT, manslaughter for the shooting Harvey Turner, a colored boy, on Sunday afternoon, December 9, 1888, near Newport, in Christiana hundred. Goodley, Turner and several others were engaged in shooting at a target with a pistol. Goodley jestingly, and not knowing that the pistol was loaded, pointed it at Turner, saying that he would shoot him. The pistol was fired and Turner dropped, mortally wounded. He died on the evening of the same day. Before his death Turner made a statement, saying that the shooting was accidental. Goodley was held by the Coroner and afterwards indicted for manslaughter.

*John Biggs,* Attorney General, and *Thomas Davis,* Deputy Attorney General, for the State.

*Benjamin Nields,* for the prisoner.

COMEGYS, C. J., charging the jury :
This is an indictment, the third count of which is upon the

third section of a statute passed at the January session, 1881, of the General Assembly, entitled " An Act providing for the punishment of persons carrying concealed deadly weapons." That section provides as follows :

" That it shall be unlawful for any person, either in jest or otherwise, intentionally to point a gun, pistol or other fire-arm at or towards any other person at any time or place. Any person violating any provision of this section shall, upon conviction thereof, pay a fine of not less than ten dollars nor more than one hundred dollars and the cost of prosecution, and should death result to any person by the discharge of such gun, pistol or other fire-arm while so pointed, the person pointing the same shall be guilty of manslaughter when such killing shall not amount to murder, and shall be punished accordingly."

The indictment contains three counts or charges against the prisoner. The first is the usual common law count; the second is one composed as the other, except that it embodies also the circumstances of this case and expressions of said section ; the third is upon said third section entirely, introducing some language which has been objected to by the prisoner's counsel in your presence, but which the Court decided was properly used therein. The intent of the Legislature in passing the said third section of the act (the one I have quoted), was to provide a statutory punishment for those who by using firearms, in sport or jest even, cause the death of others ; although it also includes every illegal use thereof. If no consequences result from the mere act of pointing firearms at or towards the person of another, and it be done jestingly or in mere sport or play, it still is an offense by the said third section called a misdemeanor, which, without the section it would not be, because of the absence of intent to do a wrong. The mere pointing the weapon at or towards the person of another intentionally, though without any design to do more is therefore a misdemeanor ; if death ensue from such act of pointing it is manslaughter at the least, and murder if there be any facts or circumstances established by proof,

which indicate that the shooting was attended by those signs, or *indicia,* which, in law, show malice—that is, for example, intent to take life, or reckless disregard of the lives of others amounting to felonious purpose.

This indictment has been tried upon the before-mentioned third count, and the defence has been made to it. The third section of the statute makes it unlawful for any person in jest or otherwise, intentionally to point a gun, pistol, or other firearms, at or towards any other person, &c.

There is no dispute about these facts—that the prisoner, at the time charged in the indictment, had in his hands and possession a loaded pistol, which he discharged, and that Harvey Turner was struck by the ball, shot forth, in the abdomen, and that he died of the wound soon afterwards. But the learned counsel for the prisoner, referring to the statute, claims that the State must show affirmatively that the act of pointing the pistol by the prisoner was an intentional act on his part, and that this has not been done. This contention is a proper one to be made in any case where intent is the essence of the offence charged—which it is here. The question then, and it is for you and not the Court to decide it is—did the prisoner at the bar point the pistol, which on that occasion he held in his hand, intentionally at or towards the person of Harvey Turner, the deceased: that is, did the prisoner purposely point the weapon at or towards (that is, in the direction of) Harvey Turner. The question is not whether the prisoner, by the act of pointing intended to discharge it against the deceased; but did he mean or intend to point it at the deceased? If you find from the evidence before you that the prisoner's act of pointing was an intentional act on his part, then it makes no sort of difference under the law I have read to you whether such act were entirely innocent in itself, or free from purpose of mischief to the deceased; the law has been violated, and the prisoner is guilty under the indictment. How is the intention of a party to do an act to be shown? By the expression of purpose to do that act; and also by

acts and conduct which of themselves are inconsistent with any other theory than that he meant to do it. Now it is for you to say whether the prisoner, having in his hand and under his control the pistol in proof before you and which was discharged while so in his hand, against the person of Harvey Turner meant to point it at or towards him said Turner. The simple question I repeat is not whether the prisoner intended the consequences which resulted from the pointing; but did he intend to point the pistol at or towards Turner's person, when he did so point it? If you are satisfied beyond a reasonable doubt that the pointing was intended by the prisoner, then he is guilty and your verdict should be accordingly. But if there has been anything proved before you that raises in your minds a reasonable doubt of the intent to point, then the prisoner is entitled to the benefit of that doubt, and should be acquitted. But this doubt must be supported always, and in all cases of criminal charge, by actual proof of facts or circumstances from which a doubt may arise, and not made to depend in any way on mere belief, imagination, or conjecture.

In compliance with the request made by the Attorney General, we charge you that if you should be satisfied by the proof in this case that the prisoner is not guilty of manslaughter, as charged, you may convict him of assault merely, if you choose so to do.

Verdict, guilty of assault.