**Paul KNOLL, Plaintiff–Appellant,**

v.

**Gary L. WEBSTER, in his private and personal capacity, (Chairman Utah Parole Board), Defendant–Appellee.**

**No. 87–2124.**

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1988.

Paul Knoll, pro se.

David Wilkinson, Atty. Gen., Salt Lake City, Utah, for defendant-appellee.

Before LOGAN, SEYMOUR and ANDERSON, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument

would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

The plaintiff appeals from the district court's order dismissing his 42 U.S.C. § 1983 civil rights suit against the defendant, who is a member of the Utah Board of Pardons. The plaintiff alleged that the defendant, who was responsible for determining the plaintiff's release date, violated the provision of the Eighth Amendment that prohibits the imposition of excessive fines. The district court concluded that the defendant was immune from liability under § 1983 and dismissed the action. The district court also imposed a ten dollar sanction on the plaintiff "to deter further abuse of process." On appeal, the plaintiff argues that the defendant is not immune and that the ten dollar fine is "wrong."

■ We conclude that as a member of the Board of Pardons, the defendant is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole. *Accord Johnson v. Rhode Island Parole Bd. Members,* 815 F.2d 5, 8 (1st Cir.1987); *Evans v. Dillahunty,* 711 F.2d 828, 830–31 (8th Cir.1983); *United States ex rel. Powell v. Irving,* 684 F.2d 494, 496–97 (7th Cir.1982); *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *Thompson v. Burke,* 556 F.2d 231, 236 (3d Cir.1977); *Pope v. Chew,* 521 F.2d 400, 405 (4th Cir. 1975). Therefore, the district court correctly dismissed the plaintiff's action.

■ Moreover, the district court's imposition of a ten dollar sanction was proper. The plaintiff admits that the present case raises issues virtually identical to those he raised in three previously dismissed actions. Thus, the record supports the district court's conclusion that the plaintiff needed to be deterred from further abuse of process. *Cf.* Fed.R.Civ.P. 11; *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184 (10th Cir.1985).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

The mandate shall issue forthwith.