961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul Thomas SWISHER, Plaintiff-Appellant,
v.
Joan HAMILTON and Elwaine F. Pomeroy, Defendants-Appellees.
 No. 91-3254.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on plaintiff Paul Thomas Swisher's motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 2
 In order to succeed on his motion, plaintiff must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Plaintiff has sued members of the Kansas State Parole Board under 42 U.S.C. § 1983, alleging that they violated plaintiff's statutory and constitutional rights when they would not schedule him for a parole review at an interval he says was required by Kansas statute. Actions or inactions of members of the parole board in connection with their official duties to determine eligibility for parole do not give rise to a § 1983 claim. They have absolute immunity for their actions within the scope of their state law duties. See, e.g., Knoll v. Webster, 838 F.2d 450, 451 (10th Cir.1988). Absolute immunity exists even if they act erroneously in violation of constitutional rights, see, e.g., Moseley v. Klincar, 711 F.Supp. 463, 465-66 (N.D.Ill.1989), aff'd, 947 F.2d 1338 (7th Cir.1991), or in violation of state law. If the individual's rights are improperly denied he must seek relief in the form of an appeal or mandamus in the state court system. He cannot avoid the absolute immunity given to these officials by suing them in their individual capacities. What is significant is whether their actions were taken in connection with their statutory responsibilities; and here the claim is only that they failed to take action state law required.
 
 
 4
 We conclude that plaintiff can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is dismissed.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3