977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul Thomas SWISHER, Plaintiff-Appellant,
v.
Carla J. STOVALL, Donald E. Mainley, George Rogers, and
Steven J. Davies, Defendants-Appellees.
Paul Thomas SWISHER, Plaintiff-Appellant,
v.
Robert D. MILLER, Donald E. Mainley, Carla J. Stovall, and
George Rogers, Defendants-Appellees.
 Nos. 92-3167, 92-3253.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a consolidation of two actions brought pro se and in forma pauperis by plaintiff-appellant under 42 U.S.C. § 1983 against members of his parole board. The parole board revoked plaintiff's parole after finding that plaintiff violated Special Condition # 14 of parole, as he was "unsuccessfully discharged" from a VA Medical Center for failure to cooperate with staff. Plaintiff alleges that he was denied procedural due process, and the revocation of his parole constitutes a violation of double jeopardy. He also contends the defendants-appellees violated his First Amendment free exercise rights by making completion of the Sex Offender's Treatment Program a condition of parole.
 
 
 3
 The district court granted the defendants' motion to dismiss in both actions. The court found the revocation hearing met the procedural due process requirements guaranteed by Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Further, the court concluded that questions directed toward plaintiff's original charge did not implicate the constitutional proscription against double jeopardy. Finally, the argument contending that plaintiff's free exercise rights were inhibited was deemed legally frivolous by the district court.
 
 
 4
 The dismissal of plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir.1991). When a complaint is drafted by a pro se plaintiff, it "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).
 
 
 5
 Regarding plaintiff's factual allegations as true for the purpose of the motion to dismiss, no legitimate claim has been established under 42 U.S.C. § 1983 against the members of the parole board. The Tenth Circuit reflects the universal position that parole board members enjoy absolute "immun[ity] from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." Knoll v. Webster, 838 F.2d 450, 451 (10th Cir.1988). The court in Knoll upheld the dismissal of the plaintiff's 42 U.S.C. § 1983 action against the Chairman of the parole board because of his absolute immunity from damages. Similarly, the defendants in this action are shielded by immunity while performing their official duties. Parole hearings and revocations are official duties, and therefore no alleged facts regarding this revocation can state a claim.
 
 
 6
 Further, this court accepts the district court's finding that the plaintiff was given procedural due process in his parole hearing in accordance with Morrissey, 408 U.S. at 489. Additionally, the court correctly noted double jeopardy protections are not triggered by revocation of parole. United States v. Hanahan, 798 F.2d 187, 189 (7th Cir.1986).
 
 
 7
 The district court's characterization of the free exercise argument as legally frivolous under Neitzke v. Williams, 490 U.S. 319 (1989), is accurate. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325. Plaintiff's claim is well outside the protective realm of the Free Exercise Clause, and is consequently legally frivolous under 28 U.S.C. § 1915(d).
 
 
 8
 All other allegations by the appellant are without merit.
 
 
 9
 Appellant is granted leave to proceed in forma pauperis in the captioned cases.
 
 
 10
 The district court's dismissal of both of these claims is AFFIRMED. The mandates shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3