992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard MARTINEZ, Plaintiff-Appellant,
v.
NEW MEXICO PAROLE BOARD; Dareld L. Kerby, Warden,
Defendants-Appellees.
 No. 93-2000.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, Richard Ralph Martinez, has become a prolific pro se litigant in pursuit of his claimed right to parole consideration from a sentence of life in prison imposed by a New Mexico court. He has filed suit in state court claiming eligibility for mandatory parole consideration, a federal habeas corpus to enforce an order issued in the state litigation, and this § 1983 case claiming certain constitutional deprivations arising out of the actions of the prison warden and the state board of parole. Before us is the judgment of the district court dismissing the § 1983 complaint. We affirm.
 
 
 3
 This case has its genesis in a habeas proceeding Mr. Martinez filed in state court contending he had a right to parole consideration even though he had not served the ten years mandated by N.M.Stat.Ann. § 1-21-10(d)(4). That statute provides persons serving a life sentence "shall be eligible to appear before the parole board after they have served ten years." It was Mr. Martinez' contention that he was entitled to accumulated good time credits which ultimately resulted in his right to immediate release. Upon Mr. Martinez' motion, the state court entered an order granting judgment on the pleadings and judgment by default. Shortly thereafter, that order was vacated by a superseding order, and the case was dismissed. The state court held:
 
 
 4
 As a matter of law, petitioner is not entitled to the relief sought by his petition--discharge. He is entitled to a parole hearing after serving (10) [sic] [years of the life sentence imposed on September 21, 1980.
 
 
 5
 The complaint in the instant case alleged the parole board refused to grant parole to Mr. Martinez following entry of the state court default judgment granting his release. Admitting the order has been rescinded, Mr. Martinez claimed the defendants were still required to obey it when it was entered and their failure to do so entitled him to damages.
 
 
 6
 The complaint also alleged "violation of due process in standards to determine parole eligibility," and "racial and selective discrimination." No facts were set forth in the complaint supporting the claim of discrimination, and only argumentative assertions were made disputing the findings of the parole board which supported its denial of parole.
 
 
 7
 After considerable skirmishing by the parties, the district court granted summary judgment dismissing the complaint against the warden. Although Mr. Martinez filed an amended complaint against the warden, that too was dismissed for failure to state a claim. No issues relative to that dismissal are raised in this court.
 
 
 8
 The district court also dismissed the action against the parole board.[1] Relying upon Knoll v. Webster, 838 F.2d 450 (10th Cir.1988), the court held the board was absolutely immune from suit because the only acts of the board upon which Mr. Martinez' sued were acts performed in execution of its official duties.
 
 
 9
 Mr. Martinez asserts in this court that the district court erred in dismissing the case against the parole board because it "failed to find he is [H]ispanic" and thus the subject of discrimination. As we have already noted, the original complaint set forth no facts supporting any claim of discrimination. It therefore appears this issue is raised for the first time on appeal, and we will not consider it.
 
 
 10
 Notwithstanding that fact, the allegation still does not overcome the board's absolute immunity from a claim for damages. We agree with the district court that absolute immunity trumps all the plaintiff's assertions of misdeed and deprivations allegedly committed by the board. We have already held a member of a parole board "is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole." Knoll v. Webster, 838 F.2d at 451. See also Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992). The board is entitled to the same immunity that attaches to one of its members. Plaintiff's contention the board is not entitled to immunity is simply without merit.
 
 
 11
 Mr. Martinez apparently argues immunity does not attach because the board did not comply with its statutory duty to give him written reasons for denying parole. Mere violations of state statutes, however, do not rise to the level of constitutional violations. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Attencio v. Board of Education of Perasco Independent School Dist., 658 F.2d 774, 779 (10th Cir.1981). Even were that not so, it is clear that Mr. Martinez' contention is based only on semantics.
 
 
 12
 Mr. Martinez set forth these facts in his complaint:
 
 
 13
 On December 5, 1989, petitioner appeared before the parole board. On December 15, 1989, petitioner received his Application For Parole in which he was denied parole. The following reasons were listed as basis for denial:
 
 
 14
 1) Time served in this institution insufficient to assess parole suitability;
 
 
 15
 2) Your parole at this time would depreciate the seriousness of your crime;
 
 
 16
 3) Parole is not in the best interest of society and/or inmate at this time; and
 
 
 17
 4) There is substantial risk that you will not conform to the conditions of parole.
 
 
 18
 Having thus admitted that the board did indeed give him written reasons for denying his parole, Mr. Martinez persists in arguing to the contrary in this court.
 
 
 19
 Mr. Martinez' arguments notwithstanding, the response he received from the board facially complies with its statutory duty. The board gave him the reasons for its action. The fact that he disagrees with the reasons and finds them wanting, or that they were set forth on a preprinted form, does not obviate the fact that he received them. For the purpose of determining the issue of immunity only, we are satisfied the board has complied with its statutory duty.
 
 
 20
 Finally, although the issue has not been considered before, we think there is an even more fundamental reason for affirming the district court. To succeed in his action for damages, Mr. Martinez would have to prove a "person" acting under color of state law deprived him of a right guaranteed by the constitution or laws of the United States. 42 U.S.C. § 1983. The impediment to his success in this case is that the parole board, as an entity, is not a "person." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir.1977). Because his action for damages is asserted only against the New Mexico Parole Board and no person, Mr. Martinez has failed to state a claim for which he would be entitled to relief.
 
 
 21
 Mr. Martinez has apparently confused claims that might give rise to habeas relief with an action for damages. The facts that might support release from custody are not always sufficient to support a damage claim. It is because he attempted to obtain damages from an entity not subject to such a claim that this suit must fail.
 
 
 22
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The action was not filed against the individual members of the board, but against the board itself