37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond MCGEE, Plaintiff-Appellant,
v.
KANSAS PAROLE BOARD; Micah A. Ross, Director of Kansas
Parole Board; and John Does, Board Members,
Defendants-Appellees.
 No. 94-3097.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Raymond McGee, a pro se litigant, initiated this lawsuit pursuant to 42 U.S.C.1983 seeking damages against the Kansas Parole Board and various board members, both named and unnamed. The district court permitted Mr. McGee to proceed in forma pauperis under 28 U.S.C.1915(d) but dismissed the complaint. The district court thereafter denied Mr. McGee's motion for leave to appeal in forma pauperis. We do not reach the propriety of the district court's order, however, because we are without jurisdiction based on an untimely filing of a notice of appeal.
 
 
 3
 On February 9, 1994, Mr. McGee initiated the present suit, claiming that while he was incarcerated for two counts of aggravated incest, the Parole Board interfered with his constitutional rights by not releasing him on parole in 1991 and by requiring him to participate in a sex offender treatment program. It is undisputed from the record that at the time he filed his complaint, Mr. McGee had been released from incarceration and was on parole.
 
 
 4
 In an order dated March 4, 1994, the district court found the official capacity suit (against the Parole Board itself) was barred by the Eleventh Amendment and the individual capacity suits (against the individual board members) were barred by the doctrine of absolute immunity under Knoll v. Webster, 838 F.2d 450, 451 (10th Cir.1988) (per curiam). Because these immunities were clear on the face of the complaint, the district court dismissed the action as frivolous.
 
 
 5
 Seeking to appeal these determinations, Mr. McGee filed his notice of appeal with the clerk of the district court on April 5, 1994, although it was dated April 3, 1994. The thirtieth day was April 3, 1994, but because it was a Sunday, the notice of appeal was due on Monday, April 4, 1994. Because it was filed on April 5, 1994, it was untimely.
 
 
 6
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case must be filed within thirty days after the date of the entry of the judgment or order from which the appeal is taken. See Fed. R.App. P. 4(a)(1); see also 28 U.S.C. 2107(a). Because a timely notice of appeal "is an essential prerequisite to appellate jurisdiction," see Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir.1990) (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257 (1978)), an appellate court is without discretion to review the merits of a case where the notice of appeal is untimely. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988).
 
 
 7
 In this case, Mr. McGee's notice was filed one day late. We are thus without jurisdiction to consider his appeal. Houston v. Lack, 487 U.S. 266 (1988), is not to the contrary. Houston holds "a pro se prisoner's notice of appeal" is considered timely filed under Rule 4 when the prisoner delivers the notice to prison authorities for forwarding to the district court. Id. at 273; United States v. Leonard, 937 F.2d 494, 495 (10th Cir.1991). In Leonard, we indicated that the critical fact of Houston was that the individual seeking to appeal was incarcerated and accordingly had "no choice but to entrust his mail to prison officials." Id. As the Supreme Court stated in Houston:
 
 
 8
 [P]risoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice.
 
 
 9
 Houston, 487 U.S. at 270-71.
 
 
 10
 Because Mr. McGee was not incarcerated at the time he filed his notice of appeal, he was not subject to the constraints applicable to inmates and therefore may not rely on Houston to overcome the jurisdictional defect in his notice of appeal.
 
 
 11
 Accordingly, the appeal is hereby DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470