F I L E D
**United States Court of Appeals
Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVE A. WILSON,

        Plaintiff-Appellant,

and

WADRESS HUBERT METOYER,
JR.; SHERMAN CHEADLE; KERRY
QUATTLEBAUM; WALTER
WILLIAMS, JR.; LEROY THOMAS;
DONALD RAY LAMBERT;
WILLIAM C. DAVIS; WILLIE HILL,

        Plaintiffs,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; OKLAHOMA
PARDON AND PAROLE BOARD,

        Defendants-Appellees.

No. 00-6126
(W. District of Oklahoma)
(D.C. No. 99-CV-494-L)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant, Steve A. Wilson (the "Appellant"), proceeding *pro se,* appeals the district court's dismissal of a 42 U.S.C. § 1983 civil rights complaint he and several other individuals (the "Plaintiffs") filed against defendants.[1] Plaintiffs' complaint alleged several violations of their constitutional rights arising from the enactment of the Oklahoma Truth In Sentencing Act (the "Act"). The Act made alterations to Oklahoma law relating to sentencing and parole. The Oklahoma Department of Corrections and the Oklahoma Pardon and Parole Board were named in the title of the complaint as defendants.

Defendant, Oklahoma Department of Corrections, filed a motion to dismiss. The matter was referred to a United States magistrate judge who prepared a Report and Recommendation ("R & R") recommending dismissal of the

---

[1]Nine individuals, including the Appellant, signed the complaint in this action. The notice of appeal, however, was signed only by the Appellant although it appears the Appellant attempted to sign the notice of appeal on behalf of all the Plaintiffs. The "notice of appeal must be signed by the appellant's counsel or, if the appellant is proceeding pro se, by the appellant." 10th Cir. R. 3.1. Because the Appellant may not act on behalf of the other *pro se* Plaintiffs, the Appellant is the only proper appellant before this court.

complaint.  The reasoning underlying the magistrate's recommendation that Plaintiffs' complaint should be dismissed is comprehensively expounded in the R & R.

The court first concluded that defendants, as state agencies, were entitled to Eleventh Amendment immunity and that immunity had not been waived.  *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988); *see also Wallace v. Oklahoma*, 721 F.2d 301, 305-06 (10th Cir. 1983).  The court also concluded that defendants were not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that states and governmental entities considered arms of the state for Eleventh Amendment purposes are not persons within the meaning of 42 U.S.C. § 1983);  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) ( holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law").  The court noted that Plaintiffs named several individuals employed by defendants in the jurisdictional statement of their complaint.  The court, however, concluded that these individuals were not properly before the court as defendants because Plaintiffs did not clearly state in their complaint that they intended these individuals to be defendants.  *See* Fed. R. Civ. P. 10(2) (providing that all parties must be named in the title of the action);

*cf. Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (recognizing that "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant").

The district court next concluded that it would be futile to allow Plaintiffs to amend their complaint to name a proper person as a defendant. The district court noted that Plaintiffs had not sought or been granted certification to maintain their suit as a class action. The court then concluded that Plaintiffs could not be permissively joined pursuant to Rule 20 of the Federal Rules of Civil Procedure because their claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). The court also noted that the relief sought by Plaintiffs includes the modification of the sentences each received. To the extent Plaintiffs attack the fact or duration of their confinement, their claims are not cognizable under 42 U.S.C. § 1983 but must, instead, be brought in a petition for a writ of habeas corpus. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993).

The district court, after considering Plaintiffs' objections to the R & R, granted the motion and dismissed Plaintiffs' complaint against both defendants[2]

---

[2]The claims against the Oklahoma Pardon and Parole Board were dismissed pursuant to 28 U.S.C. § 1915A.

concluding that it failed to state a claim upon which relief may be granted. In reaching that conclusion, the district court specifically rejected the argument made by Appellant in his objection to the R & R, that the naming of several individuals in the body of the complaint was sufficient to satisfy Rule 20 of the Federal Rules of Civil Procedure. Upon *de novo* review of Plaintiffs' complaint and appellate brief, the R & R dated January 25, 2000, the district court's Order dated March 29, 2000, and the entire record on appeal, this court **affirms** the district court's dismissal of Plaintiffs' complaint for substantially those reasons set forth in the R & R and the district court's Order.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge