**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NATHANIEL W. ELLIBEE,

Plaintiff-Appellant,

v.

AUTUMN L. FOX, Attorney, Kansas
Supreme Court Officer, in
her official and private capacity;
BENJAMIN J. SEXTON, Judge,
Kansas 8th Judicial District, in his
official and private capacity; JOHN H.
TAYLOR, Assistant Geary County,
Kansas, Attorney, Kansas Supreme
Court Officer, in his official and
private capacity,

Defendants-Appellees.

No. 06-3382
(D.C. No. 03-CV-3463-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nathaniel Ellibee appeals the district court's dismissal of his § 1983 claims against his former counsel Autumn L. Fox, Kansas prosecutor John H. Taylor, and Kansas judge Benjamin J. Sexton, and its grant of summary judgment to Ms. Fox on his Kansas tort and contract claims. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

I

In 1992, Mr. Ellibee pleaded guilty to aiding and abetting second-degree murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. He was sentenced to imprisonment of twenty-one years to life plus twenty-five years. His sentence was affirmed on appeal.

At the end of 2001, Mr. Ellibee retained Ms. Fox to represent him in a pending state-court postconviction proceeding under Kan. Stat. Ann. § 60-1507. Mr. Taylor represented the state. Ms. Fox filed an amended brief that did not include all of the issues set forth in Mr. Ellibee's pro se motion, brief, and supplemental brief. At a hearing in May 2002, she argued only the issues discussed in her amended brief. Judge Sexton ruled that the other issues set forth in Mr. Ellibee's pro se brief and supplement were waived and failed for lack of evidentiary support, and he denied relief.

Mr. Ellibee then sued Ms. Fox, Mr. Taylor, and Judge Sexton in federal district court under 42 U.S.C. § 1983 and Kansas law. The district court dismissed the § 1983 claim against all defendants under 28 U.S.C. § 1915A(b) but

-2-

allowed Mr. Ellibee to continue with his state-law claims of legal malpractice, breach of contract, and fraud against Ms. Fox. Ultimately the district court granted summary judgment in favor of Ms. Fox on the remaining claims, and Mr. Ellibee appeals.

## II

Mr. Ellibee first argues that the district court erred in granting Ms. Fox's motion for summary judgment on his state-law claims. We review a grant of summary judgment de novo, "constru[ing] all facts and mak[ing] reasonable inferences in the light most favorable to the nonmoving party." *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). We apply the substantive law of the state of Kansas, reviewing the district court's interpretation of such law de novo. *Id.* at 1108-09.[1]

## A

Mr. Ellibee contends that the district court failed to consider facts favorable to him, including facts not controverted by Ms. Fox, failed to consider his verified complaint, failed to recognize the existence of controverted material facts, and omitted material facts. But with the exception of certain facts not

---

[1] Mr. Ellibee contends that the district court should have made a finding of jurisdiction before ruling on his claims. It did. When jurisdiction became an issue early in the case, the district court found that there was a basis for diversity jurisdiction under 28 U.S.C. § 1332. R. Doc. 15 at 3-4. By the time of the summary judgment briefing and ruling, it appears that jurisdiction no longer was genuinely contested.

controverted by Ms. Fox, *see* Aplt. Br. at 3, Mr. Ellibee fails to identify the favorable facts allegedly ignored by the district court and fails to indicate how such facts undermine the grant of summary judgment, *see id.* at 3-5. Such general references are insufficient; this court will not sift through the record to find support for an appellant's arguments. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992). We have reviewed the facts that Mr. Ellibee does identify but conclude that those facts, even if conceded to be true, do not create genuine issues of material fact that require reversal of the district court's judgment in favor of Ms. Fox.

B

In support of his malpractice claim in the district court, Mr. Ellibee cited numerous arguments that he raised in his pro se state postconviction motion and brief, but that counsel did not preserve. On appeal, he argues that the district court ignored some of these arguments (denial of allocution, illegal sentence, denial of opportunity to perfect an appeal of the denial of his earlier motion to withdraw plea, the prosecutor's improper amendment of complaint and introduction of evidence, and examples of ineffective assistance of trial and appellate counsel) and that it erroneously found that others would not have been successful (judicial misconduct, inadequate pre-sentence report, the prosecutor's violation of the plea agreement, the prosecutor's fraud upon the Kansas Supreme Court, and illegal extradition). We have reviewed Mr. Ellibee's claims, and in the

end, we are not convinced that any meaningful relief would have been available to Mr. Ellibee in the § 60-1507 proceeding had Ms. Fox pursued the waived claims. Thus, Mr. Ellibee has not shown that "but for" the waiver, he would have obtained a favorable judgment, an essential element of a Kansas legal malpractice claim. *Canaan v. Bartee*, 72 P.3d 911, 914-15 (Kan. 2003). The district court did not err in granting judgment for Ms. Fox on the malpractice claims.[2]

C

Mr. Ellibee also argues that the district court erred in indicating his breach of contract claims and his fraud claims were not specific. Despite stating, "Plaintiff does not clearly state in his response/cross-motion for summary judgment, which specific allegations form the basis of his fraud and breach of

---

[2]        Further, there is a serious question whether the Kansas Supreme Court would even allow Mr. Ellibee to maintain an action for malpractice against Ms. Fox for her performance in his postconviction proceedings unless and until he obtains postconviction relief. In *Canaan,* the Kansas Supreme Court "adopt[ed] the rule that a person convicted in a criminal action must obtain postconviction relief before maintaining an action alleging malpractice against his former criminal defense attorneys." 72 P.3d at 913. In *Brown v. State*, 101 P.3d 1201, 1204 (Kan. 2004), that court indicated that the *Canaan* rule would also bar a malpractice suit against postconviction counsel.

In this vein, Mr. Ellibee's diversity jurisdiction malpractice claims bring to mind a back-door attempt to seek federal review of his claims even though a federal habeas proceeding under 28 U.S.C. § 2254 would now likely be time-barred (as a state prisoner convicted prior to the enactment of the Aniterrorism and Effective Death Penalty Act, Mr. Ellibee had one year after April 24, 1996, to file a § 2254 proceeding, *see Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998), but he did not do so). The Supreme Court has held that prisoners may not use civil actions to challenge the validity of outstanding criminal judgments. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

contract claims," R. Doc. 121 at 18, the district court analyzed Mr. Ellibee's "specific performance" contract claim, his billing arguments, and his fraud allegations on their merits. Therefore, Mr. Ellibee was not prejudiced by the district court's comment. We have reviewed Mr. Ellibee's appellate arguments regarding these issues. Rather than duplicating the district court's thorough analysis, we affirm the grant of summary judgment on these claims substantially for the reasons stated in the district court's order dated September 28, 2006.

Mr. Ellibee also notes that the district court failed to rule on his claim that Ms. Fox never accounted for a remaining trust balance of $165.13. Exhibit 36 to Mr. Ellibee's brief in support of his response to Ms. Fox's motion and his cross-motion for summary judgment shows that a trust balance of $165.13 was applied to amounts due and owing for work done in June 2002. R. Doc. 94, Ex. 36. While Mr. Ellibee contends that he terminated the representation on May 14, 2002, and he should not have to pay for services rendered after that date, we agree with the district court that Ms. Fox was entitled to bill for services rendered between May 14 and July 26, 2002, when the district court permitted her to withdraw from the representation.

III

Mr. Ellibee also complains that the district court erred in dismissing the § 1983 claims against Ms. Fox, Mr. Taylor, and Judge Sexton. We review the dismissal de novo. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

A

The district court dismissed the § 1983 claim against Ms. Fox on the ground that she was not a state actor. Mr. Ellibee asserts that the court should have analyzed his claims pursuant to the "joint action" test to determine if Ms. Fox was acting under the color of state law. He asserts that concerted action between a lawyer and a judge is sufficient to cause a private attorney to act under color of state law.

Mr. Ellibee is correct that a valid conspiracy charge could support an allegation that a private lawyer acted under color of state law. *Tower v. Glover*, 467 U.S. 914, 920 (1984). As we have stated,

> We recognize the inherent difficulty of producing direct evidence of a conspiracy and therefore proceed with caution in considering the pre-trial dismissal of [a § 1983 complaint against former counsel]. *See Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980). At the same time, however, we have held that "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In fact, *Sooner Products* instructs that the pleadings "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges" and prosecutors in the instant case. *Id.*

*Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). While Mr. Ellibee's amended complaint contains extensive allegations, he does not present any facts establishing an agreement or meeting of the minds between Ms. Fox and the state

-7-

actors to deprive him of any federal rights. Thus, he failed to state a § 1983 claim against Ms. Fox. *Id.*; *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir. 1990); *cf. Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007) (holding that a complaint under § 1 of the Sherman Act is subject to dismissal for failure to state a claim if it does not provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement" and stating, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). The district court did not err in dismissing the § 1983 claim against Ms. Fox.

## B

Mr. Ellibee also argues that a judge who acts in absence of jurisdiction is not immune from liability, and that Judge Sexton acted without jurisdiction because he violated numerous federal and state criminal statutes. He asserts that the judge is not immune from injunctive and declaratory relief and attorney fees and costs under 42 U.S.C. § 1988. "We review determinations of absolute immunity *de novo*." *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005).

The district court properly dismissed the claims for monetary damages asserted against Judge Sexton in his official capacity because state officials acting in their official capacity are not "persons" against whom a claim for damages can

be brought under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  As for the claims against Judge Sexton in his individual capacity, they were properly dismissed under the doctrine of absolute judicial immunity.

The Supreme Court has noted, "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (citation omitted).

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . .  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* at 11-12; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (quotation omitted).

Mr. Ellibee's accusations do not show that the Judge Sexton was acting in the complete absence of jurisdiction.  A judge acts in the clear absence of all jurisdiction when he "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).  It is beyond question that Judge Sexton was acting in his judicial capacity and the state district court had

-9-

subject matter jurisdiction to decide Mr. Ellibee's Kan. Stat. Ann. § 60-1507 motion. Therefore, Judge Sexton is entitled to absolute judicial immunity.

Mr. Ellibee is correct that absolute judicial immunity does not preclude claims for prospective injunctive relief. *See Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995). His request for injunctive relief, however, was not directed toward Judge Sexton; instead, it was a request that the federal district court require criminal proceedings to be commenced. Accordingly, the request for injunctive relief does not overcome absolute judicial immunity. Further, his request for a declaratory judgment likewise is unavailing, because "[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) (quotation omitted). The district court did not err in dismissing the claim against Judge Sexton.

C

Finally, Mr. Ellibee argues that Mr. Taylor is not entitled to absolute prosecutorial immunity when he is acting as defense counsel for the state in a civil habeas action. Rather, he contends, "absolute immunity for a prosecutor only applies in the course of exercising prosecutorial powers, i.e., the determination to initiate or not to initiate a criminal or civil action." Aplt. Br. at 23-24. Again, our review is de novo. *Perez*, 421 F.3d at 1133.

-10-

"[T]he courts have long drawn a distinction between a prosecutor's actions in connection with the judicial process, which are protected by prosecutorial immunity, and those that are primarily investigative or administrative in nature and hence are not so protected from suit." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991). The actions complained of here were actions taken in connection with the judicial process, namely, Mr. Taylor's representation of the state in the habeas proceeding. "Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). Mr. Taylor was acting in his "role as advocate for the State," *Burns v. Reed*, 500 U.S. 478, 491 (1991), and thus the district court did not err in dismissing the monetary damage claims against him.

Moreover, as with the claims against Judge Sexton, claims for damages against Mr. Taylor in his official capacity are barred by the Eleventh Amendment, and Mr. Ellibee's request for injunctive relief does not appear to be directed toward this defendant and accordingly cannot overcome absolute prosecutorial immunity. As with the § 1983 claims against the other two defendants, the district court did not err in dismissing the claim against Mr. Taylor.

IV

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge