FILED
United States Court of Appeals
Tenth Circuit

September 12, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

HENRY LEE RUDOLPH,

    Plaintiff - Appellant,

v.

TIMOTHY HANSON; KAREN STAM;
CHARLES BEHRENS; BARBARA
BYRNE; KATHERINE BERNARDS
GOODMAN; ERIN RILEY; MICHAEL
SIBBETT; KEITH HAMILTON; JESSE
GALLEGOS; CURTIS GARNER; ALEX
HUGGARD,

    Defendants - Appellees.

No. 17-4168
(D.C. No. 2:14-CV-00883-CW)
(D. Utah)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Plaintiff Henry Rudolph appeals from the dismissal by the United States

District Court for the District of Utah of his suit under 42 U.S.C. § 1983 alleging

_____

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violations of his rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff's claims arise out of his prosecution and conviction for aggravated burglary and violation of a protective order. His first trial was in August 1994, and he was eventually convicted in 1996. He unsuccessfully pursued postconviction relief in state and federal court, with his last claim dismissed by this court in 2009. He was paroled by the Utah Board of Pardons and Parole in 2014. This suit was filed on December 2, 2014.

The district court dismissed defendant Timothy Hanson on the ground that judges are entitled to absolute judicial immunity. *See Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008). It dismissed defendant Karen Stam on the ground that public defenders do not act under color of state law when representing clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). It dismissed defendants Charles Behrens, Barbara Byrne, and Catherine Bernards Goodman on the ground that prosecutors enjoy absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). It dismissed the claims against witness Alex Huggard based on his testimony at Plaintiff's trials on the ground that the claims were barred by Utah's four-year residual statute of limitations. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). It dismissed the claims against Michael Sibbett, Keith Hamilton, Jesse Gallegos, and Curtis Garner, because they were entitled to absolute immunity for their actions as members of the Utah Board of

2

Pardons and Parole. *See Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988). And it dismissed defendant Erin Riley, who acted as the state's attorney in Plaintiff's postconviction actions, on the ground that she enjoyed absolute immunity for her actions. *See Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 (10th Cir. 1991) (noting absolute immunity has been extended to government lawyers acting as advocates in civil proceedings); *Ellibee v. Fox*, 244 Fed. Appx. 839, 844 (10th Cir. 2007) (rejecting claim that government attorney "is not entitled to absolute prosecutorial immunity when he is acting as defense counsel for the state in a civil habeas action"). Although defendants Hanson, Byrne, Sibbett, and Hamilton had not yet been served, the district court exercised "its screening authority to dismiss these defendants." R., Vol. I at 438.

The district court's decision is soundly based on legal precedent and principles, and Plaintiff's brief on appeal offers no authority or argument that calls the decision into question. Therefore, we **AFFIRM** the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

3