**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD EDWARD GILLETTE,

Plaintiff - Appellant,

v.

NEW MEXICO PAROLE BOARD,
and its individual members whose
names are unknown to plaintiff,
individually and in their official
capacities,

Defendants - Appellees.

No. 01-2193
(D.C. No. CIV-01-15-BB/RLP)
(D. New Mexico)

**ORDER AND JUDGMENT** *

Before **HENRY** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and    **BRISCOE** ,
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pursuant to 42 U.S.C. § 1983, plaintiff-appellant Ronald Edward Gillette, proceeding pro se, filed a civil rights complaint against defendants-appellees, the New Mexico Parole Board (Board) and its individual members, acting both individually and in their official capacities. In his complaint, plaintiff alleged that defendants violated his due process rights by: (1) denying him parole based on his refusal to provide a blood sample pursuant to New Mexico's DNA Identification Act (Act), N.M. Stat. Ann. §§ 29-16-1 to -13; and (2) failing to advise him regarding the reasons why he was denied parole. Plaintiff sought both damages and declaratory and injunctive relief. In separate orders, the district court dismissed all of plaintiff's claims with prejudice, and this appeal followed. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm in part and dismiss in part.

Pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the district court dismissed plaintiff's claims for damages against the individual defendants and the Board. The court found that the individual defendants were absolutely immune from damages liability for actions taken in performance of their official duties as members of Board, and that plaintiff's claims for damages against the Board were barred by the Eleventh Amendment. Having conducted a de novo review, we agree with the district court's analysis with respect to plaintiff's claims for damages. *See Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988)

(holding that state parole board members are absolutely immune from suits for damages under § 1983); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (holding that Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state). Thus, we affirm the dismissal of the claims for damages.

With respect to plaintiff's claims for declaratory and injunctive relief concerning the Board's parole procedures, the district court adopted the magistrate judge's proposed findings and recommended disposition, and it entered summary judgment in favor of the Board under Fed. R. Civ. P. 56. First, with respect to plaintiff's claim that the Board failed to advise him why he was denied parole, the court agreed with the magistrate judge that the claim is without merit because plaintiff signed an official prison document specifically confirming that he "[r]efused to accept Conditions. Elected to do parole in this institution." Aplee. App. at Ex. 9. Having conducted a de novo review, we agree with the district court that the Board is entitled to a judgment as a matter of law on the failure to inform claim, and we affirm the entry of summary judgment on that aspect of plaintiff's due process claim.

Second, with respect to plaintiff's claims for declaratory and injunctive relief concerning the requirement under the DNA Identification Act that prisoners must provide a blood sample as a condition of their release on parole, *see* N.M.

Stat. Ann. § 29-16-6, the district court agreed with the magistrate judge's conclusion that the Act is constitutional as applied to plaintiff since he is a convicted sex offender. We do not need to reach the merits of plaintiff's constitutional challenge to the DNA Identification Act, however, because plaintiff was released from prison by the New Mexico Department of Corrections on December 17, 2001. *See* Aplee. App. at Ex. 10. As a result, plaintiff's claims for prospective declaratory and injunctive relief concerning the Act are moot. *Cf. Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that a prisoner's claims for declaratory and injunctive relief under § 1983 concerning conditions of confinement were mooted when inmate was released from prison); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (same with respect to released prisoner's claims for declaratory and injunctive relief under the First Amendment and the Religious Freedom Restoration Act of 1993).

Accordingly, we AFFIRM: (1) the district court's dismissal of plaintiff's claims for damages against the individual defendants and the Board; and (2) the district court's entry of summary judgment in favor of the Board on plaintiff's claims for declaratory and injunctive relief concerning the alleged failure of defendants to inform him of the reasons he was denied parole. [1] We DISMISS the

---

[1] We also affirm the district court's denial of plaintiff's motion for interlocutory review regarding the individual defendants' immunity. In light of

(continued...)

-4-

portion of plaintiff's appeal challenging the district court's entry of summary judgment in favor of the Board on plaintiff's claims for declaratory and injunctive relief with respect to the DNA Identification Act as moot.

Finally, plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is granted. We remind plaintiff of his obligation, pursuant to this court's order dated November 9, 2001, to continue making partial payments to the Clerk of the Court until the entire fee has been paid.

<div style="margin-left:50%;">

Entered for the Court

Robert H. Henry
Circuit Judge

</div>

---

[1](...continued)
the fact that the district court fully disposed of all of plaintiff's claims, the court correctly denied the motion for interlocutory review as moot. We also note that plaintiff has filed a motion in this court in opposition to defendants' notice of substitution of counsel, claiming that defendants' counsel did not file a proper motion to withdraw under 10th Cir. R. 46.4. We deny plaintiff's motion on the grounds that defendants' counsel was not required to file a formal motion to withdraw since the notice of substitution simply informed this court that a different Assistant Attorney General from the New Mexico Attorney General's office would be henceforth handling the defense of this appeal as counsel of record for defendants.