**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN GIESE,

     Plaintiff - Appellant,

v.

MARILYN SCAFE, Chairperson,
Kansas Parole Board, in her individual
capacity; LARRY WOODARD, Vice
Chairperson, Kansas Parole Board, in
his individual capacity; (FNU) (LNU),
Unknown Member, Kansas Parole
Board, in his individual capacity;
KANSAS PAROLE BOARD,

     Defendants - Appellees.

No. 04-3408
(D. Kansas)
(D.Ct. No. 04-CV-3110-GTV)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Kevin Giese filed a *pro se*[1] civil rights complaint under 42 U.S.C. § 1983 seeking monetary damages and alleging the parole board unlawfully imposed an impossible condition on his release, thus delaying his scheduled release for fifteen months in violation of his Eighth Amendment rights.[2] He was granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. On July 29, 2004, the district court dismissed Geise's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii),[3] concluding his claim against the Kansas Parole Board was barred by the Eleventh Amendment, *see Bd. of Trustees of Univ. of Ala. v. Garret*, 531 U.S. 356, 363 (2001), and the claims against the individual parole board members were barred by their absolute immunity for actions taken within the scope of their state law duties. *See Russ v. Uppah*, 972 F.2d 300, 302-03 (10th Cir. 1992). Giese then filed a motion to alter and amend the judgment, or in the alternative, a notice of appeal challenging the district court's decision as to the individual defendants.

---

[1]We liberally construe *pro se* pleadings and appellate briefs. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]Giese was released on parole on March 12, 2003. His parole was revoked and he is once more a guest at the Kansas facility.

[3]28 U.S.C. § 1915(e)(2)(B)(iii) requires a district court to dismiss a case if it finds the plaintiff is seeking monetary relief against a defendant who is immune from such relief.

Finding nothing persuasive in Giese's motion, the district court denied it and granted his request to proceed *in forma pauperis* on appeal.[4] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review *de novo* a dismissal pursuant to § 1915(e)(2)(B). *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (dismissal akin to dismissal under 12(b)(6) reviewed *de novo*). We accept the allegations in the complaint as true and construe them in the light most favorable to the Appellant. However, "we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) (citations omitted). Dismissal is appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins*, 165 F.3d at 806.

Giese's complaint alleges the defendants violated his civil rights when they conditioned his parole release on placement in a structured living environment and then failed to remove this condition when no such placement was available within five months. When Geise's parole planner informed him there were no openings, Giese filed a Petition of Habeas Corpus and an attorney was appointed

---

[4]The district court authorized Geise to proceed *in forma pauperis* in the district court and we granted Giese's motion to proceed *in forma pauperis* on appeal. We remind him, however, that he is obligated to continue to make payment until all of his fees are paid. He shall satisfy his obligation to the district court first, followed by payment of his appellate fees.

for him. After his attorney telephoned attorneys for the parole board, Giese was granted a special hearing and a release date was set with the condition removed.

The Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state. *Sturdevant v. Paulsen,* 218 F.3d 1160, 1164 (10th Cir. 2000). A parole board is an instrumentality of a state. *McGrew v. Tex. Bd. of Pardons & Parole*, 47 F.3d 158, 161 (5th Cir. 1995).[5]

It is also well-established that parole board members have absolute immunity "for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988)). Contrary to Geise's argument, the condition of a structured environment was not impossible to fulfill. Although there were no openings at the time he sought placement, that is not to say an opening would not have been available in the future. Moreover, Giese fails to present any argument demonstrating the parole board members were not acting in the scope of their official duties when imposing

---

[5]We recognize an unpublished decision is not binding precedent, and citation to such decisions is disfavored. However, there is no Supreme Court decision or published Tenth Circuit precedent specifically addressing the status of a parole board in regard to the Eleventh Amendment. *See* 10th Cir. R. 36.3(A) & (B). The following citations are merely useful to recognize that this precise issue has been considered previously in this circuit. *Reid v. Okla. Pardon & Parole Bd.*, 67 Fed. Appx. 515, 517 (10th Cir. 2003), *cert. denied* 541 U.S. 906 (2004) (parole board is arm of the state entitled to Eleventh Amendment protection); *Gillette v. N.M. Parole Bd.*, 42 Fed. Appx. 210, 211 (10th Cir. 2002)(same).

that condition.

Accordingly, we **DISMISS** this appeal as frivolous.[6]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

_____

[6]Giese accumulates one strike as a result of this appeal and one strike from the district court dismissal. *See* 28 U.S.C. § 1915(g); *Jennings v. Natrona County Detention Ctr.*, 175 F.3d 775 (10th Cir. 1999).