**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN ROUNDS,

      Plaintiff - Appellant,

v.

DENNIS CORBIN; PAUL
HOLLENBECK; WILLIAM
ZALMAN,

      Defendants - Appellees.

No. 06-1322
(D.C. No. 04-CV-2532-WDM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

---

     Plaintiff-Appellant John Rounds, a state inmate appearing pro se, appeals

from the district court's dismissal of his action brought under 42 U.S.C. § 1983

against Dennis Corbin, Paul Hollenbeck, and William Zalman (collectively

"Defendants"), all of whom are Colorado prison officials.  Mr. Rounds's

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

complaint alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to freedom of speech. More specifically, he alleged that Defendants were deliberately indifferent to the safety and well-being of the inmates at the Colorado Territorial Facility (the facility at which Mr. Rounds was housed) when they allowed electrical work at the facility to be completed not up to code, without the necessary permits, and without the supervision of a licensed electrician. He alleged that his First Amendment rights were violated when he was transferred to another facility in retaliation for complaining about the allegedly shoddy electrical work.

On December 16, 2005, Defendants filed two motions to dismiss—one to dismiss for failure to exhaust and one to dismiss on the merits. See R. Docs. 75, 76. The district court referred both motions to a magistrate judge for a recommended disposition. See R. Doc. 77. On June 7, 2006, the magistrate judge recommended that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (R. Doc. 75) be granted in full under our since-defunct total exhaustion rule, see Jones v. Bock, 127 S. Ct. 910, 925-26 (2007), and recommended that, in the alternative, the Defendants' Motion to Dismiss (R. Doc. 76) be granted in part and denied in part. See Rounds v. Corbin, 2006 WL 1832680, at *12 (D. Colo. June 30, 2006). Included within the magistrate judge's recommendations was a notice to Mr. Rounds, written in bold-faced type, that he had "ten (10) days after service of this recommendation to serve and file written,

- 2 -

specific objections to the above recommendation with the District Judge assigned to the case." See R. Doc. 121 at 23. It also notified him that failure to file detailed objections within ten days would result in his waiving "de novo review of the recommendation by the District Judge" and "appellate review of both factual and legal questions." See id.

Mr. Rounds filed a motion for extension of time to file objections to the magistrate's report and recommendation on June 22, 2006, along with several other motions. See R. Doc. 126, 123-125, 127. In it he claimed that he needed more time because he is untrained at the law and had limited access to a law library. R. Doc. 126 at 1. The district court denied Mr. Rounds's request for additional time the next day, on June 23, 2006, because the case was set to go to trial on July 10, 2006. See R. Doc. 129. Having not heard further from Mr. Rounds regarding the recommendations, the district court adopted it on June 30, 2006, thereby dismissing Mr. Rounds's complaint in full for failure to exhaust. See Rounds, 2006 WL 1832680, at *12. Finally, on July 3, 2006, Mr. Rounds filed objections to the magistrate's recommendations.

Mr. Rounds filed a notice of appeal on July 28, 2006. On August 3, 2006, we ordered him to, within forty days, serve and file an opening brief on the merits addressing: "Whether the plaintiff waived appellate review by failing to timely file objections to the magistrate judge's recommendation." On September 11, 2006, Mr. Rounds filed "Appellant's Ordered Show Cause Brief," in which he

argues that he needed additional time to file his objections to the recommendations because he is untrained in the law and had limited access to a law library. He also argues that the district court abused its discretion in denying his request for additional time to file objections. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). The Supreme Court has sanctioned the adoption of such a rule, see Thomas v. Arn, 474 U.S. 140, 155 (1985), and pursuant to it "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions," Moore, 950 F.2d at 659. The firm waiver rule, however, does not apply (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences for failing to do so, (2) when the interests of justice warrant, or (3) when the party that failed to object makes a showing of plain error. See Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006); Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005); Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004).

Mr. Rounds did not file timely objections to the magistrate judge's recommendations. We find no abuse of discretion by the district court in denying his motion for an extension of time to file such objections—the case was days

- 4 -

away from trial and the recommendations could obviate the need for a trial. Moreover, we note that Mr. Rounds was able to file several other pleadings contemporaneously with his motion for an extension of time. That leaves the exceptions to the firm waiver rule.

Mr. Rounds was given proper notice by the magistrate judge regarding the need to file objections so that exception does not apply. See R. Doc. 121 at 23. Mr. Rounds also has not persuaded us that the interests of justice require consideration of the merits. The fact that he is not an attorney or lacks free access to a law library does not prove sufficient on this record. Mr. Rounds admits that the law library was open two days a week and a review of the objections he eventually filed (six days late and after the district court's consideration of the matter) reveals that only one prior precedent was relied upon and that most of the objections presented were based on information readily available to Mr. Rounds even in the absence of a law library. See generally R. Doc. 135; cf. Marsh v. Soares, 223 F.3d 1217, 1221 (10th Cir. 2000) (declining equitable tolling based on lack of access to a law library because petitioner had "not shown how this lack of access caused his delay in filing").

That leaves only the exception for plain error. Under plain error analysis, Mr. Rounds must establish (1) an error (2) that is plain (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725,

- 5 -

732-34 (1993); Morales-Fernandez, 418 F.3d at 1122-23. Having reviewed the record, including Mr. Rounds's untimely objections to the magistrate's recommendation, we conclude that only one aspect of that resolution constitutes error that is plain—reliance on the total exhaustion rule. See Johnson v. United States, 520 U.S. 461, 468 (1997). However, this reliance prejudiced Mr. Rounds only on one claim—his First Amendment retaliation claim against Defendant Corbin—because the magistrate apparently viewed that claim as exhausted,[1] but nonetheless dismissed it pursuant to the now-defunct total exhaustion rule. The remaining claims were dismissed pursuant to the Defendants' motion and the magistrate's determination that they had not been properly exhausted, and that conclusion does not constitute plain error. Because it appears that the claim would not have been dismissed otherwise and it should be resolved in the first instance at the district court, we will exercise our discretion to notice plain error only with respect to Mr. Rounds's First Amendment retaliation claim against Mr. Corbin. Consequently, our firm waiver rule does not apply and we reverse the district court's dismissal of that claim on exhaustion grounds.

In sum, we AFFIRM the district court's dismissal with respect to Mr.

---

[1] See R. Doc. 75 at 8 (State Defendants' Motion to Dismiss [for] Failure to Exhaust Administrative Remedies) ("Frankly, the State Defendants are not sure whether plaintiff filed a grievance and exhausted his administrative remedies against defendant Corbin for his alleged conduct in claim two."); Roberts v. Barreras, __F.3d__, 2007 WL 1113956, at *4 (10th Cir. 2007) (explaining that defendants have the burden of raising failure to exhaust).

Rounds's Eighth Amendment claim against all Defendants and his First Amendment retaliation claim against Mr. Hollenbeck and Mr. Zalman. We REVERSE the district court's dismissal with respect to Mr. Rounds's First Amendment retaliation claim against Mr. Corbin and REMAND for further proceedings. We GRANT IFP status and remind Mr. Rounds of his obligation to make partial payments until the filing fee is paid. Appellant's "Motion for Declatory [sic] Judgment" is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge