**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN ROUNDS,

      Plaintiff - Appellee,

v.

TOM CLEMENTS, in his official
capacity as Executive Director of the
Colorado Department of Corrections,

      Defendant - Appellant,

DENNIS CORBIN, in his individual
capacity,

      Defendant.

No. 11-1220
(D.C. No. 04-cv-02532-CMA-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH, SEYMOUR**, and **MATHESON,** Circuit Judges.

---

John Rounds is a state prisoner and an electrician. He used to perform

electrical jobs inside the Colorado Territorial Correction Facility and enjoyed

many privileges there — his own room, access to a hobby shop, and more. But

when prison officials allegedly told him to engage in shoddy electrical work that

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violated professional standards and the state code, Mr. Rounds bristled and took the matter up the chain. As he tells it, prison officials uniformly turned a deaf ear to his complaints — and eventually even conspired to transfer him to a less desirable facility where he can no longer ply his trade and where he has lost all his privileges.

And that led Mr. Rounds to file this lawsuit. By now, the suit has amassed a considerable history of its own, including a prior visit to this court. *See Rounds v. Corbin*, 236 F. App'x 402 (10th Cir. 2007). But only a bit of that history is needed to understand this appeal. Mr. Rounds says he is being retaliated against for exercising his free speech rights, all in violation of the First Amendment and actionable under 42 U.S.C. § 1983. Among the defendants Mr. Rounds has named in his lawsuit is Tom Clements, Executive Director of the Colorado Department of Corrections. Shortly after being added to the suit, Mr. Clements moved to dismiss, arguing that the Eleventh Amendment renders him immune from suit. The district court denied the motion. The court recognized that state officials like Mr. Clements are often immune from suit. But, the court held, this suit falls within the exception to Eleventh Amendment immunity recognized by *Ex parte Young*, 209 U.S. 123 (1908). This because, in the district court's view, Mr. Rounds's suit alleges ongoing retaliatory conduct by Mr. Clements in violation of the First Amendment and seeks by way of relief only an injunction ordering the defendants to end their punitive conduct and restore the position and

privileges he once enjoyed. And to come within the *Ex parte Young* exception, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (quotation and alteration omitted).[1]

Though the district court's ruling merely held Mr. Clements susceptible to suit and did not reach the question of liability (one way or the other), Mr. Clements now appeals it all the same. And this he has the right to do under established precedent. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1992) (extending collateral order doctrine to district court denials of Eleventh Amendment immunity).

In his appeal, Mr. Clements argues that we should grant him immunity from suit because, contrary to the district court's ruling, he hasn't participated in any ongoing violation of federal law as required by *Ex parte Young*. The problem with this argument is that Mr. Rounds's operative complaint alleges that he is currently, on an ongoing basis, being denied his previous prison placement and many other privileges in retaliation for exercising his First Amendment rights.

---

[1] To be precise, Mr. Rounds originally named and the district court's decision discussed Mr. Clements's predecessor as Executive Director, Aristedes Zavaras. But because the suit was filed against Mr. Zavaras in his official capacity, when Mr. Clements took the job he automatically found himself replacing Mr. Zavaras in this suit. Fed. R. Civ. P. 25(d). For simplicity's sake, in the text we refer only and throughout to Mr. Clements.

Aplt. App. at 134 ¶ 29. And there is no dispute Mr. Rounds added Mr. Clements to the suit because Mr. Clements alone has the power to undo this state of affairs, *see* Aplt. Br. at 8 (acknowledging this), something Mr. Clements has so far declined to do. As remedy, Mr. Rounds seeks only a prospective injunction forcing Mr. Clements to restore the privileges he has not chosen to restore voluntarily. Aplt. App. at 134 ¶ 36, 135 ¶ A. Drawing the reasonable inference in Mr. Rounds's favor — as we must at this, the motion to dismiss stage, *see United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) — it is plain enough Mr. Rounds alleges that Mr. Clements is currently participating in an ongoing scheme to deny him (Mr. Rounds) a prison placement and privileges that he once enjoyed, all in retaliation for exercising his First Amendment rights. Mr. Rounds's motion to amend his complaint supports the same inference. *See* Aplt. App. 118-121, ¶¶ 17-21.

To be sure, Mr. Rounds doesn't allege Mr. Clements was involved in the *original* decision to transfer him and strip him of his privileges. But under our binding circuit precedent, that much is not required. Under our case law, the failure to reinstate privileges that remain currently and wrongfully withheld under federal law, together with a request for relief limited to prospective injunctive relief, is enough to render a defendant subject to suit under *Ex parte Young*. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). As best we can tell, every other circuit to face the question has reached this same conclusion.

*See, e.g., Nelson v. Univ. of Tex.*, 535 F.3d 318, 323-34 (5th Cir. 2008); *State Emps. Bargaining Agent Coal. v. Rowland,* 494 F.3d 71, 96-98 (2d Cir. 2007); *Whalen v. Mass. Trial Court*, 397 F.3d 19, 29-30 (1st Cir. 2005); *Carten v. Kent State Univ.*, 282 F.3d 391, 395-96 (6th Cir. 2002); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839-41 (9th Cir. 1997); *Coakley v. Welch*, 877 F.2d 304, 306 (4th Cir. 1989); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986).

However that may be, Mr. Clements replies that a retaliatory transfer should not be enough to create an ongoing violation for Eleventh Amendment purposes when it is insufficient to toll the application of the statute of limitations in the employment law context. *See Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). What we refer to as the "continuing violation doctrine" in employment law extends the accrual period for certain claims, but not for claims of retaliatory discharge or transfer. *Id.* But the simple fact is that the two rules serve different purposes. Accrual rules tell us when a plaintiff has discovered enough facts to allow him to bring a claim, all with the aim of ensuring claims are promptly pursued and claimants don't sleep on their rights. Meanwhile, the *Young* doctrine seeks to give force to the Supremacy Clause by stopping ongoing violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985). That someone may have discovered all the elements necessary to bring an employment claim and needs to get that claim to court in a timely fashion doesn't necessarily or ineluctably speak to the scope of the effort necessary to give effect to the

Supremacy Clause, as Mr. Clements supposes. Besides and in any event, we are hardly empowered to undo binding circuit precedent in *Meiners* and write a different rule now. *See Nelson*, 535 F.3d at 324 n.5.

Separately, Mr. Clements points out that Mr. Rounds sued him in his official capacity. And this, Mr. Clements says, means he is immune from suit. "[A]n official capacity suit against a state actor," he argues, "is a suit against the state and is also barred by the Eleventh Amendment." Aplt. Br. at 12. But this statement is true only to the extent that a suit seeks financial recovery: in official capacity suits any financial recovery comes from the (immune) state, a result clearly barred by the Eleventh Amendment just as Mr. Clements suggests. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). But the Supreme Court has also plainly and long held that *Ex parte Young* permits suit against state employees for prospective relief whether the employee happens to be sued in his individual or official capacity. *Will*, 491 U.S. at 71 n.10. What matters under our received Eleventh Amendment jurisprudence isn't the capacity in which the officer is sued, but the nature of the wrong alleged and remedy sought.

Separately still, Mr. Clements argues that when a plaintiff sues a state employee in his official capacity, he must prove some "policy or custom" played a role in the alleged violation of federal law. Aplt. Br. at 18 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). But at least two problems attend this line of argument. First, the "policy or custom" standard is a standard for determining

liability under § 1983, not immunity from suit under the Eleventh Amendment. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). And, of course, the only question over which we have jurisdiction in this interlocutory appeal is the question of immunity, not the merits which even the district court has yet to reach. Second, the "policy or custom" standard isn't just a liability standard, it's a liability standard for suits against municipalities — entities not immune from suit under the Eleventh Amendment — and it has no applicability to state officers who are immune from suit for damages but susceptible to suit under *Ex parte Young* for injunctive relief. *See Monell*, 436 U.S. at 694-95.

In fairness to Mr. Clements, and as Supreme Court has recognized, Eleventh Amendment jurisprudence is full of twists and turns and contains more than its share of fictions. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984); *see also Hill v. Kemp*, 478 F.3d 1236, 1256 (10th Cir. 2007) (acknowledging "rococo quality" of Eleventh Amendment jurisprudence). We understand and are not immune to the objections and difficulties Mr. Clements may have with it. But all the same our received Eleventh Amendment jurisprudence isn't something we are free to rewrite, and it has long made clear that someone in his shoes is susceptible to suit, even if liability may be a question for another day.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge