**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL O'NEILL,

Plaintiff - Appellant,

v.

GARY KING, New Mexico Attorney
General; NEW MEXICO
CORRECTIONS DEPARTMENT;
NEW MEXICO PAROLE BOARD;
RALPH TRUJILLO, Assistant
Attorney General,

Defendants - Appellees.

No. 16-2080
(D.C. No. 1:15-CV-01030-RB-WPL)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

Plaintiff-Appellant Daniel O'Neill, a state inmate appearing pro se, appeals

from the district court's order dismissing his civil rights action for failure to state

a claim. O'Neill v. King, No. 1:15-CV-01030-RB-WPL (D.N.M. Apr. 22, 2016),

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

ECF No. 8. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. O'Neill filed the underlying action pursuant to 42 U.S.C. § 1983 against a former New Mexico attorney general, an assistant attorney general, the state corrections department, and the state parole board, alleging that his parole date for one of several state court convictions was miscalculated. The district court dismissed the civil rights complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B), finding it frivolous and malicious, and pursuant to Rule 12(b)(6), concluding that no legal relief was available to Mr. O'Neill. The district court also imposed a "strike" under 28 U.S.C. § 1915(g), which counted immediately notwithstanding this appeal. Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

We review the district court's dismissal of a prisoner's complaint for frivolousness for an abuse of discretion. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). After reviewing the record, we conclude that the district court did not abuse its discretion in finding that Mr. O'Neill's allegations are directly contradicted by the state record and thus "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because the district court also dismissed the underlying complaint for failure to state a claim, we review those legal conclusions de novo. See Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). We find those conclusions are also sound. Mr. O'Neill names agencies and officials who are not appropriate defendants in a § 1983 action. The Corrections Department and New Mexico Parole Board are entities of

the state, not persons, and may not be sued under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 63–64 (1989).  Parole board members are immune from actions taken in their official capacity.  Gillette v. N.M. Parole Bd., 42 F. App'x 210, 211 (10th Cir. 2002) (citing Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988)).  And the attorney general and assistant attorney general have prosecutorial immunity.  Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009).  Furthermore, a judgment in favor of Mr. O'Neill would imply the invalidity of his sentence.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

AFFIRMED.  All pending motions are denied and Mr. O'Neill is reminded that he remains obligated to pay the full appellate filing fee.  Our disposition counts as a "strike" under 28 U.S.C. § 1915(g).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge