**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JIMMIE GRAHAM,

     Plaintiff - Appellant,

v.

TOM WATERS, Parole Board Member;
DENISE BALAZIC, Parole Board
Member; ALEXANDRA WALKER,
Parole Board Member,

     Defendants - Appellees.

No. 19-1205
(D.C. No. 1:19-CV-01018-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff Jimmie Graham, an inmate proceeding pro se,[1] appeals the district

court's dismissal of his 42 U.S.C. § 1983 civil rights action against three Colorado

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Graham is proceeding pro se, we liberally construe his filings. _See_
_United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a
pro se litigant's] arguments liberally; this rule of liberal construction stops, however,
at the point at which we begin to serve as his advocate.").

Parole Board members. Adopting the magistrate judge's Report and Recommendations (R & R), the district court initially dismissed Graham's appeal, because he failed to file a timely objection. In response, Graham filed a Motion for Reconsideration and Written Objections to Magistrate Recommendation—an action the district court liberally viewed through the lens of Fed. R. Civ. P. 59(e). The district court ultimately denied the Motion and dismissed Graham's claims on several grounds: (1) that a request for release from custody did not constitute a cognizable request for relief in a § 1983 action; (2) by the rule in *Heck v. Humphrey*, 517 U.S. 477, 487 (1994), which held that a damages award under § 1983 was not an available remedy when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;" and (3) on absolute immunity and Eleventh Amendment sovereign immunity grounds. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

In 2016, Graham began serving a five-year parole sentence on a charge of Escape. ROA Vol. I at 17. On June 7, 2018, Graham was convicted of a "technical parole violation." *Id.* at 7. Based on this infraction, the Colorado Board of Parole conducted a hearing and then revoked Graham's parole for the remainder of his five-year period. *Id.* Graham appealed this decision back to the Parole Board, arguing that revocation "for the remainder" of his parole term was in "direct contravention" of the applicable Colorado statute governing the class and type of felony conviction he was originally sentenced for. *Id.* Parole Board members defendant Denise

2

Balazic and defendant Alexandra Walker denied his appeal, stating that the original hearing "was conducted in accordance with existing statu[t]es." *Id.*

Graham brought two claims for relief under 42 U.S.C. § 1983 in the district court. First, he argued that the Parole Board's decision "willfully and wantonly ignored the law." *Id.* He noted that this decision of the Parole Board conflicted with Colorado Revised Statutes § 17-2-1035, concerning revocation proceedings. *Id.* For that reason, Graham alleged the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by allowing his revocation to stand because of a technical violation. *Id.* He further argued that this parole revocation also amounted to a violation of his Fourteenth Amendment Due Process rights, as the defendants "overstep[ped] their discretionary boundaries when they incarcerated the Plaintiff beyond what was designated appropriate by the law making body of this state." *Id.* at 11. Graham sought both monetary damages and an injunction ordering his release back onto parole. *Id.* at 9.

The magistrate judge issued the R & R on April 19, 2019. It advised dismissal of Graham's complaint for several reasons. To begin, the magistrate judge noted that Graham's request for an injunction ordering his release from custody was "not an appropriate request for relief in this § 1983 action." ROA Vol. I at 18. Instead, the "sole federal remedy with respect to such a claim is a writ of habeas corpus." *Id.* And the R & R cited *Heck v. Humphrey*, 512 U.S. 477 (1994), as barring Graham's damages claims. Under *Heck*, one may not bring a claim under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of [the

3

plaintiff's] conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Because accepting Graham's claims would directly challenge his ongoing confinement, the magistrate judge advised that "Plaintiff's claims are barred by *Heck*." ROA Vol. I at 20.

Next, the magistrate judge found that Parole Board members "are personally immune from Plaintiff's damages claims" as they enjoy absolute immunity for actions taken as part of the board's official duties regarding the granting or denying of parole. *Id.* Nor could Graham sue the Parole Board members in their official capacity, because the magistrate judge viewed these claims as against the State of Colorado. As such, Eleventh Amendment immunity barred Graham's claim for damages. *Id.*

The magistrate judge recommended dismissing the action, because Graham sought damages from defendants who were immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Additionally, the rule in *Heck* barred Graham's damages claims. The R & R advised Graham that he needed to file specific, written objections within fourteen days after service or he would waive his right to further review by the district court judge and the court of appeals. ROA Vol. I at 16.

Three weeks after the filing of the R & R, the district court adopted the magistrate judge's recommendation to dismiss all claims after receiving no objection from Graham. To that end, the district court on May 10, 2019, ordered Graham's

4

action dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and the rule in *Heck*. *Id.* at 22.

Graham then filed two motions on May 20, 2019: a "Motion for Extension of Time to File Written Objections to Magistrate Recommendation" and a "Motion for Reconsideration and Written Objections to Magistrate Recommendation." *Id.* at 25–29. The district court stated that Graham's Motion for Reconsideration and Written Objections to Magistrate Recommendation "was barred from *de novo* review" due to his failure to file a timely objection. *Id.* at 33. But even construing Graham's motion liberally as a Fed. R. Civ. P. 59(e) request to alter or amend the judgment, the district court noted that it had not misapprehended facts, Graham's position, or the controlling law. *Id.* at 35. As a result, the district court stated that it would deny his motion to reconsider and deny Graham's motion for additional time as moot. *Id.* at 36. This appeal followed.

## II. **DISCUSSION**

Graham seeks to challenge the district court's dismissal of his Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. The record shows, however, that Graham did not file timely written objections to the magistrate judge's R & R. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Graham states that he did not receive the April 19, 2019 magistrate recommendation regarding dismissal until April 30, 2019. Aplt. Br. at 2.

5

Accepting this timeline as true, Graham should have filed his written objections no later than May 14, 2019 in order to preserve his ability to appeal both factual and legal questions. But he failed to do so. And even though the district court accepted the magistrate's recommendation to dismiss on May 10, 2019, Graham still possessed four days to file his objections. In the alternative, he could have submitted his motion requesting an extension of time—which he filed on May 20, 2019—prior to the 14-day deadline. But he chose not to. Instead, Graham filed his written objections and a motion requesting an extension of time six days after the deadline. ROA Vol. I at 25–29.

Therefore, before we can address the merits, we must turn to the procedural bar. This court has adopted a "firm waiver rule" which provides that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

We have recognized two exceptions to the firm waiver rule. Neither applies here. The first exception is when "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object." *Id.* The R & R clearly advised Graham that he had fourteen days to file specific, written objections and that the failure to do so would waive appellate review. ROA Vol. I at 16.

The second exception applies when "the 'interests of justice' require review." *Morales-Fernandez*, 418 F.3d at 1119. Although it is a "rather elusive concept,"

6

when considering this exception, we have looked at "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120. Graham does not claim to have been unaware of the filing deadline; rather, he asserts that unscheduled closures of the law library on three days "exacerabat[ed] the difficulty" of his efforts to file a response. Aplt. Br. at 2. But he admits that the law library was open three days per week. *Id.*

We conclude that Graham could have filed timely factual challenges—the same objections he eventually made six days after the deadline expired. He also could have requested an extension. He did neither of these things. *See, e.g.*, *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (finding that appellant's failure to file factual objections or request an extension for time prior to the deadline expiring resulted in the fault resting on him alone); *see also Rounds v. Corbin*, 236 F. App'x 402, 404 (10th Cir. 2007) (unpublished) (finding that the combination of appellant's access to the law library two days a week along with minimal reliance on precedent for his objections did not meet the threshold for the interests of justice exception).

When considering whether the importance of the issues raised might trigger the "interests of justice" exception, we review the unobjected-to substantive claims for plain error. *See Duffield*, 545 F.3d at 1238. To demonstrate plain error, Graham must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial

7

proceedings." *Id.* (internal quotation marks omitted). Thus, the first question we must answer is whether the district court committed error in dismissing Graham's § 1983 petition.

In his complaint, Graham asserted two claims for relief under 42 U.S.C. § 1983. First, he alleged that defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by allowing the revocation of his parole for the remainder of his sentence to stand because of a technical violation. ROA Vol. I at 7. In similar fashion, Graham argued that defendants violated his Fourteenth Amendment Due Process rights by ignoring relevant state law during their decision to revoke his parole. *Id.* at 10. He sought monetary damages and an injunction "ordering his immediate release back onto parole, until he is discharged from his sentence." *Id.* at 9.

The district court's adoption of the magistrate judge's recommendation to dismiss Graham's damages claims based on *Heck v. Humphrey* was proper. It recognized that *Heck* bars any claim for damages if the claim's success "would necessarily imply the invalidity of [the] conviction or sentence." 512 U.S. at 487. The magistrate judge also correctly identified that the rule in *Heck* applies to parole revocations. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*Heck* "applies to proceedings that call into question the fact or duration of parole or probation." (citation omitted)). So if the district court were to have upheld Graham's claim for damages against the defendants for their alleged "unlawful restriction of his liberty" and disregard of Colorado state law during his parole revocation

8

proceedings, it would have necessarily spoken to the invalidity of Graham's ongoing confinement. This conclusion would in turn have constituted an order for the inmate's "immediate or speedier release into the community." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Because the Supreme Court has repeatedly held that an inmate in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement, the district court properly dismissed Graham's claims for damages. *See id.* at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

And the district court properly dismissed Graham's claim for monetary damages, because Parole board members "have absolute immunity 'from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole.'" *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (quoting another source); *see also Giese v. Scafe*, 133 F. App'x 567, 569 (10th Cir. 2005) (unpublished) (same). Graham's complaint clearly identifies each of the three defendants as Parole Board members—as such, they enjoy absolute immunity and damages are not available against these defendants under these circumstances.

Nor may Graham sue the defendants in their official capacities for damages. Although nominally brought against these state Parole Board members, Graham's claim is in reality against the State of Colorado. *See Simmat v. U.S. Bureau of*

9

*Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). And "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Thus, the district court was correct in ruling that the Eleventh Amendment provides immunity for the defendants in their official capacity against Graham's claims for damages.

The district court was also correct in holding that Graham's request for an injunction ordering his immediate release from custody is not a cognizable request for relief in this § 1983 claim. Challenges to the decision to revoke his parole fall within the purview of the federal habeas statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to the immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus"); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (noting that challenges to parole procedures "go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

Finally, Graham argued that rather than dismiss his claims with prejudice, the district court should have stayed his action pending further state court proceedings. ROA Vol. I at 28. But in this case, the district court was able to dispose of Graham's

10

§ 1983 claims without preventing Colorado courts from first deciding whether Graham is entitled to an immediate release. *See, e.g.*, *Duncan*, 15 F.3d at 991 (holding that the court did not need to stay plaintiff's § 1983 action pending exhaustion of state judicial remedies, because it could dispose of the damages claims without deciding the merits of whether the plaintiff was entitled to a speedier release). Because the defendants enjoy both absolute and Eleventh Amendment sovereign immunity, the district court did not need to decide the validity of Graham's confinement. Thus, because Graham sought damages from defendants immune from such relief, the district court did not err in dismissing this claim with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The district court did not commit any errors in adopting the magistrate's recommendation that Graham's § 1983 motion be dismissed with prejudice. ROA Vol. I at 22. While a dismissal under *Heck* is without prejudice, the district court properly dismissed Graham's claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), because defendants are immune from damages liability and because injunctive relief requesting immediate release from custody is not a cognizable claim for relief in a § 1983 action.

11

III.  **CONCLUSION**

Having carefully reviewed the record, we conclude that Graham has not identified, nor can we discern, a basis to apply the "interests of justice" exception to permit appellate review of his claims.  The magistrate judge issued a well-reasoned and well-supported R & R, which the district court adopted.  Graham's appellate brief fails to show the district court committed any error, let alone a plain error.  For the foregoing reasons, we affirm the judgment of the district court.  Additionally, we deny Graham's motion to proceed in forma pauperis on appeal.  He must pay the full filing fees immediately.

Entered for the Court


Allison H. Eid
Circuit Judge